IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK DOMBOS,

    Plaintiff,

v.                                                        No. 25-cv-0668-KWR-KK

L.C.C.F. WARDEN, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Frank Dombos' *pro se* Motion to Remand and Withdraw Federal Claims (Doc. 3) (Motion). Plaintiff is a state prisoner and is proceeding *pro se*. He initiated this case by filing a Civil Complaint in New Mexico's Fifth Judicial District Court. *See* Doc. 1-1 (Complaint). The Complaint alleges prison officials improperly seized Plaintiff's property and failed to treat his serious medical needs. The Complaint states: "this claim is for 'gross negligence[,]'" "supervisor liability [and] failure to supervise[,]" and "violation of cruel and unusual punishment." Doc. 1-1 at 6. The Complaint does not explicitly cite 42 U.S.C. § 1983 or another federal statute. However, it cites federal case law and appears to make arguments regarding *Monell* liability. *Id.* at 6-7; *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (establishing the test to determine whether municipal or supervisory liability exists in cases involving a federal constitutional violation).

Defendants removed the case to this Court on the basis of federal question jurisdiction. They argue jurisdiction is proper under 28 U.S.C. § 1331 because the Complaint uses common labels for federal constitutional claims and cites to federal case law to support the legal theories. *See* Doc. 1 at 2; *see also W. Shoshone Bus. Council ex rel. W. Shoshone Tribe of Duck Valley Rsrv.*

*v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) ("To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff [is] aggrieved."); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (directing courts to liberally construe *pro se* claims and overlook the "failure to cite proper legal authority" where the claim is otherwise discernable).

The Court need not decide whether to exercise federal jurisdiction at this time because Plaintiff seeks leave to withdraw any federal claims.   His Motion states:

> My lawsuit was written as a negligence claim, not to be a 1983 civil rights action in Federal Court. Cruel and unusual punishment is mentioned in the Complaint. [Plaintiff] … was mistaken and [in] error to associate cruel and unusual punishment with this, being a negligence case…. For the record, I <u>withdraw</u> cruel and unusual punishment in my complaint as an issue.

Doc. 3 at 2 (emphasis in original).

Plaintiff's request to withdraw any federal claims is supported by the case law.   "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim."   *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012); *see also Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025).   "The plaintiff can elect the judicial forum - state or federal - based on how he drafts his complaint."   *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).   "Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law."   *Id.*   Moreover, when a plaintiff amends the complaint to delete the federal claims that enabled removal, federal question jurisdiction "dissolves."   *Royal Canin,* 604 U.S. at 39.   "The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."   *Id.*

2

Consistent with this authority, the Court will grant the Motion, in part, to the extent Plaintiff requests leave to withdraw all federal claims. Plaintiff must accomplish this by filing an amendment, rather than simply deleting passages within the existing Complaint. The legal claims in the existing Complaint are somewhat unclear, as discussed above, and the references to federal authorities are intermixed with the state negligence claims. The Court will also deny Plaintiff's Motion for Telephonic Hearing (Doc. 4) on his request to withdraw/remand, as the issues can be resolved through an amendment.

Within thirty (30) days of this Order, Plaintiff shall file an amendment that omits all federal claims and only raises state law claims. If Plaintiff timely files that amendment, the Court will enter a separate order remanding this action to State Court. If Plaintiff fails to timely amend, the Court will dismiss this case without prejudice and without further notice. Finally, if Plaintiff files an amended complaint that raises federal claims, the Court will deny his request to remand without further briefing.

**IT IS ORERED** that the Motion to Remand and Withdraw Federal Claims (**Doc. 3**) is **GRANTED, in part**, to the extent Plaintiff seeks an opportunity to withdraw all federal claims; and the Motion for Telephonic Hearing (**Doc. 4**) is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file an amended complaint that omits all federal claims and only raises state law claims.

**SO ORDERED**.

                                                                /S/
                                              HON. KEA RIGGS
                                              UNITED STATES DISTRICT JUDGE