# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANK DOMBOS,

     Plaintiff,

v.                                                                              No. 25-cv-0668-KWR-KK

L.C.C.F. WARDEN, *et al*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Frank Dombos' *pro se* Motion to Remand and Withdraw Federal Claims (Doc. 3) (Motion to Remand) along with his supplemental request to remand his amended complaint (Doc. 8). Plaintiff is a state prisoner and is proceeding *pro se*. He initiated this case by filing a Civil Complaint in New Mexico's Fifth Judicial District Court. *See* Doc. 1-1 (Original Complaint). The Original Complaint alleges prison officials improperly seized Plaintiff's property and failed to treat his medical needs. The Original Complaint does not explicitly cite 42 U.S.C. § 1983 or another federal statute, but it cites federal case law and appears to make arguments regarding *Monell* liability. *See* Doc. 1-1 at 6-7; *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (establishing the test to determine whether municipal liability exists in cases involving a federal constitutional violation).

Defendants removed the case to this Court on the basis of federal question jurisdiction. They argued jurisdiction is proper under 28 U.S.C. § 1331 because the Original Complaint uses common labels for federal constitutional claims and cites to federal case law to support the legal theories. *See* Doc. 1 at 2; *see also W. Shoshone Bus. Council ex rel. W. Shoshone Tribe of Duck Valley Rsrv. v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) ("To exercise federal question

jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff [is] aggrieved.").   Plaintiff then sought to withdraw federal claims, if any exist.  *See* Doc. 3 at 2.   His Motion to Remand states:

> My lawsuit was written as a negligence claim, not to be a 1983 civil rights action in Federal Court. Cruel and unusual punishment is mentioned in the Complaint. [Plaintiff] … was mistaken and [in] error to associate cruel and unusual punishment with this, being a negligence case…. For the record, I <u>withdraw</u> cruel and unusual punishment in my complaint as an issue.

 Doc. 3 at 2 (emphasis in original).

By a Memorandum Opinion and Order entered January 13, 2026, the Court granted Plaintiff's request, in part.  *See* Doc. 7.   The ruling explains that "[t]he well-pleaded complaint rule makes the plaintiff the 'master' of his claim."  *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012); *see also Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). "The plaintiff can elect the judicial forum - state or federal - based on how he drafts his complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).   "Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law."  *Id.*   Moreover, when a plaintiff amends the complaint to delete the federal claims that enabled removal, federal question jurisdiction "dissolves."  *Royal Canin,* 604 U.S. at 39.   "The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."  *Id.*

Consistent with this authority, the Court permitted Plaintiff to file an amended complaint that omits all federal claims and only raises state law claims.  Plaintiff timely complied. His Amended Complaint (Doc. 8) alleges Defendants seized and damaged his property, which amounts to negligence and "destruction" under state law.   There are no references to federal authority, 42

2

U.S.C. § 1983, or the U.S. Constitution.   The Amended Complaint also attaches a supplemental request to remand.   *See* Doc. 8 at 17.   It confirms that Plaintiff "has withdrawn all federal claims, and the amended complaint only raises state law claims."   *Id.* (emphasis in original).

The Court agrees with Plaintiff that "a federal question is [not] presented on the face of the [his amended] … complaint."   *Caterpillar*, 482 U.S. at 392 (1987).   Plaintiff now only raises state law claims, and no substantial federal issues exist in the Amended Complaint.   The Court therefore lacks subject matter jurisdiction.   *See Royal Canin,* 604 U.S. at 39.   The Court will grant the remaining relief requested in the Motion to Remand (Doc. 3, supplemented by Doc. 8) and remand this case pursuant to 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 3, supplemented by Doc. 8)** is **GRANTED** pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.   The Clerk of Court is directed to take the necessary actions to remand this matter to the Fifth Judicial District, Lea County, New Mexico (Case No. D-506-CV-2025-00549) and close the above-captioned federal case.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3